# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **COREY DEANDRE HOOD,** ) | |
| Plaintiff, ) | Case No. 7:20-cv-00402 |
| ) | |
| v. ) | |
| ) | By: Hon. Michael F. Urbanski |
| **BUREAU OF PRISONS, et al.,** ) | Chief United States District Judge |
| Defendants. ) | |

## ORDER

Corey DeAndre Hood, a federal inmate proceeding pro se, claims that he was subjected to excessive force and inhumane conditions of confinement at USP Lee in violation of the Eighth Amendment. He filed this action for damages against the Bureau of Prisons and twenty-three prison employees, invoking the implied cause of action recognized in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The defendants have moved to dismiss the Bivens claims for failure to state a cause of action or, in the alternative, for summary judgment. The defendants contend, among other arguments, that a Bivens remedy is unavailable for Hood's particular claims under the Eighth Amendment, because the claims arise in a "new context" and "special factors counsel hesitation in extending a Bivens remedy." ECF No. 100 at 31 (quoting Ziglar v. Abassi, 137 S. Ct. 1843, 1857, 1859 (2017)); see also Egbert v. Boule, 142 S. Ct. 1793, 1804 (2022) (summarizing the two-step process for determining whether a Bivens remedy is available).

On October 25, 2022, the United States Court of Appeals for the Fourth Circuit is scheduled to hear oral argument in Tate v. Harmon, No. 21-6109, a case from this district that addressed whether a Bivens remedy is available for Eighth Amendment claims alleging

unlawful conditions of confinement. Applying the two-step process established by the Supreme Court, Senior United States District Judge Norman K. Moon concluded that the plaintiff's "Eighth Amendment claims challenging his conditions of confinement . . . arise in a new context" and that "there are special factors cautioning against expanding the implied remedy of money damages in these contexts." Tate v. Harmon, No. 7:19-cv-00609, 2020 U.S. Dist. LEXIS 229221, at *14 (W.D. Va. Dec. 7, 2020). Accordingly, Judge Moon declined to recognize a Bivens remedy for "any conditions-of-confinement claim under the Eighth Amendment." Id. at *16.* Tate has challenged that ruling on appeal, arguing that his allegations "fit[] well within the class of Bivens actions acknowledged by the Supreme Court" and that "no special factors counsel hesitation against recognizing what would be at most a modest extension of extant Bivens actions." Opening Br. of Appellant at 21, Tate v. Harmon, No. 21-6109 (4th Cir. May 20, 2022). Thus, the Fourth Circuit will soon address one of the precise questions presented here, namely whether a Bivens remedy "presently exists for Eighth Amendment claims alleging unlawful conditions of confinement." See Oral Argument Calendar for October 25–28, 2022, available at https://www.ca4.uscourts.gov/oral-argument/oral-argument-calendar.

      Under these circumstances, the court finds it appropriate to stay further proceedings in this action pending the resolution of the appeal in Tate. See Landis v. N. American Co., 299 U.S. 248, 254 (1936) (explaining that "the power to stay proceedings is incidental to the power

---

      * Although Tate also asserted an excessive force claim under the Eighth Amendment, Judge Moon concluded that Tate had not alleged adequate facts to state such a claim. Thus, Judge Moon found it unnecessary to determine whether a Bivens remedy is available for an excessive force claim under the Eighth Amendment. Tate, 2020 U.S. Dist. LEXIS 229221, at *13.

inherent in every court to control the disposition of the causes on its docket"). The cases clearly involve overlapping questions of law, and the Fourth Circuit's decision will likely impact the resolution of the Eighth Amendment claims asserted by Hood. The imposition of a stay will therefore promote the interests of judicial consistency and economy. Moreover, given that the Fourth Circuit is scheduled to hear oral argument in less than a month, any delay resulting from a stay will not unduly prejudice any party.

For these reasons, the court finds that a stay is warranted. Accordingly, it is hereby **ORDERED** that all further proceedings in this action are **STAYED** pending resolution of the appeal in Tate.

The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: September 27, 2022

Digitally signed by Michael F. Urbanski   Chief U.S. District Judge
Date: 2022.09.27 15:50:37 -04'00'

Michael F. Urbanski
Chief United States District Judge